IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Deutsche Bank Trust Co., | : | Case No. 3:07CV3277 |
| Plaintiff, | : | |
| v. | : | MAGISTRATE'S REPORT<br>AND RECOMMENDATION |
| Brian O. Huddleston, et al., | : | |
| Defendants. | : | |

This foreclosure action filed pursuant to 28 U.S.C. § 1332 was referred to the undersigned magistrate for pretrial management and the filing of a report and recommendation. Pending is Plaintiff's Motion for Default Judgment which is accompanied by a proposed order (Docket No. 32).

For the reasons that follow, the undersigned recommends that default judgment and a decree of foreclosure be granted and that the liens of the Lucas County Treasurer, United States of America and the State of Ohio, Department of Taxation, be given appropriate priority as provided by Ohio law.

This action was filed on October 23, 2007, naming Brian O. Huddleston; Denise E.

1

Huddleston, now known as (nka) Denise E. Elliot; the Unknown Spouse, if any, of Brian O. Huddleston; the Unknown Spouse, if any, of Denise E. Huddleston, nka Denise E. Elliot; National City Bank, successor in interest to other Buckeye Federal Savings and Loan Association; United States of America on behalf of the Treasury Department; State of Ohio, Department of Taxation; and the Lucas County Treasurer. Defendants Brian O. Huddleston and Denise E. Huddleston, nka Denise E. Elliot, executed a promissory note and mortgage referenced in the complaint. Plaintiff is the holder of the note and mortgage which secures the amounts due under the note. As a result of defendants' failure to timely pay the note, the note and mortgage are in default.

The undersigned further finds that the summons and complaint were properly served upon defendants; however, only the Lucas County Treasurer (Docket No. 7), the United States of America (Docket No. 21) and the State of Ohio, Department of Taxation (Doc No. 25) have filed answers or other responsive pleadings claiming an interest in the property. Consequently, the Clerk has entered the default for each defendant other than these answering defendants. The unknown spouses of Brian O. Huddleston and Denise E. Huddleston, nka Denise E. Elliot, were dismissed from the lawsuit on May 2, 2007 (Docket No. 30).

The Court further finds that such interests are inferior and junior in priority to the mortgage held by Plaintiff. Such interests shall transfer to the proceeds of the sale of the property, and all defendants who have filed answers claiming an interest in the property shall have the right to seek payment from the proceeds of the sale of the property. Such interests shall be released from the title to the property upon confirmation of the sale to ensure that the buyer obtains title to the property free and clear of all interests.

Based upon a review of the pleadings and supporting affidavits, the undersigned finds that

the mortgage was recorded with the Lucas County Recorder and is a valid and subsisting first mortgage on the property; however, Plaintiff's mortgage is junior in priority under Ohio law to the liens held by the Lucas County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

There shall be no further equity of redemption, except that with respect to any interest held by the United States and the United States shall have the right to redeem within the time period provided by 28 U.S.C. § 2410©.

The undersigned also finds that there is due on the note: 1) principal in the amount of $94,115.21, plus interest on the principal at the rate of 11.125% from June 1, 2007; all late charges imposed under the note; all advances made for the payment of real estate taxes and assessments and insurance premiums and all costs and expenses incurred for the enforcement of the note and mortgage except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Court notes that all personal obligations of Denise E. Huddleston, nka Denise E. Elliot, on the note have been discharged under the United States Bankruptcy Code. As a result, the magistrate recommends that the Court not grant personal judgment against Denise E. Huddleston, nka Denise E. Elliot, for the amount due on the note.

Accordingly the magistrate recommends that unless the sums found to be due to Plaintiff are fully paid within ten days from the date of the judgment entry and decree of foreclosure that: the equity of redemption of the defendant title holders in the property shall be foreclosed and the property be sold free of the interests of all parties to this action subject to redemption by defendants

pursuant to Ohio Rev. Code § 2939.33 and the United States pursuant to 28 U.S.C. § 2410©.  If payment is not made as required, the magistrate recommends that an order of sale shall issue to a master commissioner, directing him/her to appraise, advertise and sell the property according to the law and orders of this Court and to report his/her proceedings to this Court.

The undersigned further recommends that the proposed judgment entry and decree of foreclosure (Docket No. 32) submitted by Plaintiff be entered.

/s/ Vernelis K. Armstrong
U. S. Magistrate Judge

Dated: 06/06/08

**Notice**

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation.  A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals.  In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.